## JOHN WILLIAMS v. STATE.

No. A-1532.   Opinion Filed April 12, 1913.

(130 Pac. 1177.)

APPEAL—Failure to File Brief. Where counsel for appellant fail to file a brief pointing out the specific errors upon which they rely, and also fail to appear and make an oral argument when the case is set for submission, the court will treat the appeal as abandoned, and will not examine the record, except for jurisdictional errors.

(Syllabus by the Court.)

*Appeal from District Court, Craig County;*
*Preston S. Davis, Judge.*

John Williams was convicted of perjury, and appeals. Affirmed.

*Jas. S. Davenport,* for appellant.
*Smith C. Matson,* Asst. Atty. Gen., for the State.

FURMAN, J. Appellant was prosecuted in the district court of Craig county, charged by indictment with the offense

of perjury. He was found guilty, and the jury assessed his punishment at confinement in the penitentiary for the period of five years. From this judgment he has appealed. But no appearance has been made in this court by any one representing appellant as counsel. Neither has any brief been filed pointing out the supposed errors upon which the appeal was taken. We therefore assume that the appeal has been abandoned.

In the case of *Price v. State,* 5 Okla. Cr. 147, 113 Pac. 1061, this court said:

"There are three good and sufficient reasons which support the rule requiring that briefs must be filed: First. The Attorney General's office is overcrowded with work, and it is unfair to that department, already burdened as it is, to be called upon to file a reply brief for the state, when no brief has been filed on the part of the appellant. Every presumption must be indulged in favor of the regularity of the proceedings of the lower court; and he who complains of a want of such regularity has the burden of showing where such irregularity exists, and how he has been deprived of a substantial right thereby. When no such showing is made, the judgment of the trial court should be affirmed, unless it appears, upon the face of the record, that the court was without jurisdiction. Second. It is unfair to the public, when our docket is already crowded with cases which should be disposed of, to require the judges of this court to spend time in examining the record in each case to see if errors were not committed by the trial court, although none are complained of. Third. It is unfair to the members of this court, who are already burdened with work to the limit of human endurance, to expect its members to search records for errors, either real or supposed, of which counsel for appellant do not complain, and of which they think so little that they have not taken even the time and trouble to call the attention of the court to them. Where counsel perfect an appeal and fail to file briefs, it is equivalent to saying to the members of this court, 'I have taken this appeal only for the purpose of delay,' or 'If errors occurred in the trial of this cause, I do not know it, and I want you to get out a search warrant and see if you can find any.' This is just what we understand when a cause is submitted, and we find that briefs have not been filed. Owing to the great multiplicity of appeals that have been taken, we

are now over one year behind with our work, although we give it our entire and undivided time and attention. We cannot act in the double capacity as counsed for parties and as a court. This court does not act upon the presumption that everything which was done in, the lower court is erroneous until it is shown to be correct, and is not hunting for excuses to set aside verdicts and judgments; but, on the contrary, we act upon the presumption that all proceedings in the trial court are proper and regular until it is shown that such is not the case. The appellant assists in the selection of the jury, and he thereby vouches to this court for their intelligence, fairness, and integrity. Being thus recommended, the court must accept the verdict of the jury as being correct, unless the appellant clearly points out errors committed by the judge or jury. It is the duty of this court to decide questions properly submitted to it; and when no briefs have been filed, except in cases of the gravest character, we will not do more than examine the record for jurisdictional errors."

Owing to the gravity of this case, we have examined the record. The indictment is regular, the evidence is sufficient, and we find no prejudicial errors in the instructions of the court.

The judgment of the lower court is therefore in all things affirmed.

ARMSTRONG, P. J., and DOYLE, J., concur.